## No. 12,942.

### Davis et al. *v.* Hurt.
(35 P. [2d] 856)

Decided July 9, 1934.

Messrs. Twitchell, Clark & Burkhardt, Mr. Stanley T. Wallbank, for plaintiffs in error.

Mr. Joel E. Stone, Mr. James A. Woods, for defendant in error.

*In Department.*

Mr. Chief Justice Adams delivered the opinion of the court.

WE shall refer to Nellie S. Hurt as plaintiff and to Harry C. Davis and Jane T. Davis as Davis and Mrs. Davis, or as defendants, their respective positions in the trial court. Plaintiff obtained an injunction against defendants, enjoining and restraining them "from in any manner diverting or taking any water from the J. D. Ward ditch No. 2, to be applied or to be used upon the south half of the southeast quarter of section nineteen (19), township four (4) south, range sixty-eight (68) west of the sixth (6) principal meridian, in the county of Arapahoe and state of Colorado, or any part thereof; and from cutting the banks of said ditch at any place or places, or taking any waters from said ditch in any manner or in any manner interfering with the natural flow of the adjudicated waters of said ditch, in and along said ditch, at any place or places east of the east line of the southwest quarter of section 19, township 4, south, range 68 west of the 6th P. M. in Arapahoe county, state of Colorado." The defendants assign error.

The land first above described in the above injunction belongs to Mrs. Davis, and is known as "the east eighty," mentioned in cause No. 11,482, *Davis v. Hurt,* 81 Colo. 10, 253 Pac. 394. We refer to that opinion for a statement of the respective contentions of the parties. This is a continuation of the same action in the district court, and is before us again under a subsequent writ of error.

As will more fully appear from our opinion in the case cited, the district court there granted injunctive relief to the same plaintiff, Mrs. Hurt, against the same defendants, Mr. and Mrs. Davis. We found error in the record and reversed the judgment of the district court. A new trial was granted and the cause remanded with directions that either party be allowed to amend pleadings, and new parties be brought in, if any were necessary to a complete and final determination of the controversy.

No new parties were brought in, but after remittitur to the lower court, plaintiff's second cause of action involving the J. D. Ward ditch No. 1 was dismissed and it

is no longer involved. Plaintiff then sought to file a further amended complaint on the first cause of action involving the J. D. Ward ditch No. 2, but it was stricken on defendants' motion. No exceptions were taken and no cross-error is assigned on account of this elimination. Plaintiff's pleadings as to the No. 2 ditch stand as they were in cause No. 11,482; defendants filed amendments to their answers, setting up additional defenses. On the retrial, the record in No. 11,482 was offered and received in evidence by stipulation, excepting therefrom evidence of the so-called statutory water decrees condemned in our former opinion. On the retrial of this matter, plaintiff offered no further evidence of the initiation or perfection of her supposed rights, and no evidence whatever except the testimony of one Davidson relating to matters occurring since our reversal of the former decree. Davidson's testimony was excluded by the trial court as immaterial and has no bearing on the present matter.

To summarize, after the case went back, plaintiff added nothing to her case, but defendants strengthened their defenses, both by amended pleadings and additional evidence. Notwithstanding this, the court issued the injunction as above quoted in the present matter, relating to the Ward No. 2 ditch. It is the same in substance, and almost identical in the words contained in the injunction which was proscribed in our former opinion. This action of the trial court may have been upon the theory that there was enough evidence to support the decree in plaintiff's favor, even after the elimination of the so-called statutory water decrees found by us to be wanting in probative force, as stated in *Davis v. Hurt, supra.* Plaintiff made the same contention there that she makes now, i. e., that the rejected evidence was merely cumulative, but we found otherwise and so stated. For double assurance, we have re-examined the record in No. 11,482, in connection with all that has happened since as disclosed by the record, and find no occasion to change our views. Belle Sanderson was the original owner of the

J. D. Ward ditch No. 2; defendants claim through her by mesne conveyances; plaintiff claims that she orally contracted with plaintiff's remote grantor, J. D. Ward, under which supposed agreement Mrs. Sanderson parted forever with all ditch and water rights in the Ward No. 2 ditch to irrigate the east eighty, which tract she then owned. The only witness to the arrangement, whatever .it was, is Fred Warren, Mrs. Sanderson's brother. The nature of his testimony was such that it is significant that plaintiff did not see fit to put Warren on the stand, but defendants did so. His testimony wholly failed to corroborate plaintiff's theory, but on the contrary supported the contention of defendants that at most Mrs. Sanderson and Judge Ward, pioneer settlers, were parties to a neighborly arrangement, whereby the latter could use the ditch and water when the former did not need it and when such use did not interfere with her own rights. The east eighty was originally used for pasture, but true to the history of early settlements, the land was developed a little at a time until it came to its full fruition, and the evidence shows that even as pasture for horses and cattle, moisture would be required for its most efficient use.

It would seem that plaintiff has overlooked that the burden of proof is upon her, and that she must rely upon the strength of her own title rather than upon the supposed weakness of that of her adversaries. In our former opinion we expressed the hope of a final determination of the controversy, to which we now add that it will not be permissible to relitigate any of the matters herein decided.

The judgment is reversed and the cause remanded with directions to dissolve the injunction and dismiss the suit with prejudice.

Mr. Justice Butler and Mr. Justice Bouck concur.